**XIA WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 03–41166–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

Joan Xie, New York, NY, for Appellant, pro se.

Todd P. Graves, United States Attorney for the Western District of Missouri, Jane Pansing Brown, Assistant United States Attorney, Kansas City, MO, for Appellee.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

Xia Wang, through counsel, petitions for review of the BIA decision affirming the

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Immigration Judge's ("IJ") decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Although judicial review is ordinarily confined to the decision of the BIA, the Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d, 279, 287 (2d Cir.2000)).

■ In this case, the IJ denied relief because he found Wang not credible, and, in the alternative, because Wang failed to present sufficient evidence to establish eligibility for asylum and withholding of removal. The IJ based the adverse credibility determination on the finding that Wang's hearing testimony was inconsistent with submitted documentary evidence, and that material elements of Wang's claim were omitted from her initial asylum application but not adequately explained. Specifically, the IJ relied on inconsistencies in Wang's testimony regarding the gender of the clerk who was arrested and the events surrounding the arrest of her boss; and Wang's failure to include the officials' search of her home and their threat of a fine against her mother in her asylum application. The inconsistencies and omissions on which the IJ relied provide "specific, cogent reasons" that "bear a legiti-

mate nexus" to the ·finding. *See Secaida–Rosales,* 331 F.3d at 307; *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

■ The IJ's adverse credibility finding is substantially supported by the record. Because Wang waived her right to challenge the IJ's insufficiency of evidence determination by failing to brief it on appeal, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540 (2d Cir.2005); *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (holding that an issue is abandoned when not raised in an appellate brief), a review of that finding is unnecessary.

For the foregoing reasons, the petition for review is hereby denied.